PER CURIAM:
On October 9, 1989, the claimant’s son, Norman Himmelrick, a resident of Weirton, Hancock County, was driving his father’s eleven month old truck on Route 105, more commonly identified as Pennsylvania Avenue, within the municipal boundaries of Weirton. At approximately 2:00 p.m. on that date, the claimant’s son was involved in a three vehicle accident on Pennsylvania Avenue near the intersection of Woodlawn Estates. The claimant’s son was directed by a Weirton Police Officer, Danny King, to pull the truck onto the berm while an accident investigation was conducted. The claimant’s son did as he was instructed, only to discovered he had parked the truck on an exposed culvert. The right front tire dropped into the culvert and the front running board was damaged as well as the right front hubcap. The claimant’s insurance paid for the estimated $600.00 damage, and this claim is brought to recover the $250.00 deductible.
Donnie Kimble, who is employed as a highway maintenance foreman for the respondent in Hancock County, testified that he investigated this claim. It is his opinion and the respondent’s position that the culvert involved is not within the respondent’s right-of-way on Route 105. The respondent therefore argues that the culvert is the responsibility of the property owner, and the failure of the unidentified property owner to properly maintain a grate over the culvert is not negligence on the part of the respondent. Mr. Kimble provided the Court with sufficient measurements to indicate the culvert was privately installed without the respondent’s knowledge *117 or permit.
The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent is responsible for the culvert. That burden has not been established. The claimant has not provided evidence such as surveys or plats indicating that the respondent installed, permitted, or otherwise is responsible for the culvert and its maintenance. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.